Filed 4/21/25  P. v. Alexander CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JORDEN CLIFFORD ALEXANDER,<br><br>Defendant and Appellant. | C101289<br><br>(Super. Ct. Nos. CRF220000186, CRF2200139) |

Defendant Jorden Clifford Alexander appeals the trial court's summary denial of his petition for resentencing under Penal Code section 1172.1.[1]  Alexander's appointed counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, asking this court to independently review the record to determine if there are any arguable errors that

---

[1]  Undesignated statutory references are to the Penal Code.

1

would result in a disposition more favorable to him. Counsel acknowledges that there may be a question regarding the appealability of the challenged order.

Alexander filed a supplemental brief also asking this court to independently review the record for any arguable errors while also acknowledging that he was not entitled to relief under section 1172.1. Citing several laws that were in effect when he pled no contest and was sentenced, Alexander requests that we strike his enhancements because he has been "over sentenced" for his crimes. Alexander did not address whether the order is appealable.

We ordered supplemental briefing on whether the trial court's order denying Alexander's section 1172.1 request for resentencing was appealable as a postjudgment order affecting Alexander's substantial rights under section 1237, subdivision (b). Relying primarily on *People v. Hodge* (2024) 107 Cal.App.5th 985, 991 (*Hodge*), which recently found that an order denying a defendant-initiated resentencing request under section 1172.1 is not appealable, the People contend we should dismiss Alexander's appeal because the challenged order is not appealable. Alexander, on the other hand, argues *Hodge* was wrongly decided, or that the circumstances presented here are factually distinguishable from *Hodge*.

Having considered the parties' supplemental briefs, we conclude that, under the specific circumstances of this case, the trial court's denial order touching on the merits of Alexander's resentencing claim affects his substantial rights and is thus appealable. After considering Alexander's arguments in his supplemental brief, we find no arguable error that would result in a disposition more favorable to him and affirm.

BACKGROUND

A.    *Case No. 22F00186*

In March 2022, Alexander was charged in Shasta County Superior Court case No. 22F00186 with making criminal threats (§ 422; count 1). The information alleged several factors in aggravation, including that Alexander's prior convictions were numerous and

2

of increasing seriousness (Cal. Rules of Court, rule 4.421(b)(2)), that he had served a prior prison term (*Id.*, rule 4.421(b)(3)), that he engaged in violent conduct indicating a serious danger to society (*Id.*, rule 4.421(b)(1)), that his prior performance on probation or parole was poor (*Id.*, rule 4.421(b)(5)), and that the crime involved great violence (*Id.*, rule 4.421(a)(1)).  It was further alleged that Alexander had suffered three prior strike convictions (§ 1170.12) and three prior serious felonies (§ 667, subd. (a)(1)).

B.      *Case No. 22F00139*

Following a domestic violence incident with his wife during which their children were present,[2] Alexander was charged in June 2022 in Shasta County Superior Court case No. 22F00139 with three counts of assault with a deadly weapon (§ 245, subd. (a)(1); counts 1, 10 & 12), battery with serious bodily injury (§ 243, subd. (d); count 2), four counts of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); counts 3, 5, 8 & 13), four counts of infliction of corporal injury on a spouse or child's parent (§ 273.5, subd. (a); counts 4, 6, 9 & 14), false imprisonment by violence (§ 236; count 7), battery on a spouse (§ 243, subd. (e)(1); count 11), two counts of criminal threats (§ 422; counts 15 & 20), three counts of child abuse (§ 273a, subd. (b); counts 16-18), and resisting, delaying, or obstructing a peace officer (§ 148, subd. (a)(1); count 19).  The information alleged enhancements for personally inflicting great bodily injury (§ 12022.7, subd. (e); counts 1, 3 & 4) and personally using a deadly weapon (§ 12022, subd. (b)(1); counts 2-4), and alleged that Alexander had two prior strike convictions (§ 1170.12) and two prior serious felonies (§ 667, subd. (a)(1)).  For counts 1 through 10, 12 through 15, and 20, the following aggravating factors were alleged:  the crime involved great violence, Alexander used a weapon, the victim was particularly vulnerable, Alexander took advantage of a position of trust, Alexander engaged in violent

_____

[2]  Alexander and his wife shared one child together, and she had two children from a previous relationship.

conduct indicating that he was a serious danger to society, Alexander had numerous convictions of increasing seriousness, he had served a prior prison term, and that his performance on probation or parole was unsatisfactory. (Cal. Rules of Court, rules 4.421(a)(1)-(3), (11), (b)(1)-(3), (5).)

C.     *Plea Agreement and Sentence*

In June 2022, Alexander resolved both cases through a global plea agreement. In exchange for a stipulated term of 26 years in state prison, Alexander pled no contest in the domestic violence case to counts 1 (assault with a deadly weapon), 4 (corporal injury), 6 (corporal injury), 10 (assault with a deadly weapon), 12 (assault with a deadly weapon), 15 (criminal threats), and 16 (misdemeanor child abuse). He also admitted to the great bodily injury enhancement on count 4, one prior strike conviction for battery with serious bodily injury, and one prior serious felony conviction. Additionally, Alexander stipulated to several aggravating factors, including the increasing seriousness of his prior convictions, serving a prior prison term, the crimes involving great violence, and his use of a weapon during the offenses. In the criminal threats case, Alexander pled no contest to the criminal threat offense (count 1). The parties stipulated to the preliminary hearing transcript as the factual basis for the plea, and the remaining charges and allegations in both cases were dismissed with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

That same day, the trial court sentenced Alexander to the stipulated 26-year term. In the domestic violence case, the court imposed the upper term of four years, doubled to eight years for the strike prior, for the domestic violence conviction (count 4), plus a low term of three years for the attached great bodily injury enhancement; one year (one-third the midterm), doubled to two years, for each of counts 1, 6, 10, and 12; eight months (one-third the midterm), doubled to 16 months, for count 15, with credit for time served on count 16. Additionally, the court imposed five years for the prior serious felony

4

enhancement. In the criminal threats case, the court imposed a consecutive eight months (one-third the midterm) for the criminal threat conviction (count 1).

At no time during the sentencing hearing did Alexander assert that the stipulated 26-year term failed to comply with Senate Bill No. 81 (2021-2022 Reg. Sess.) (Senate Bill No. 81) (Stats. 2021, ch. 721, § 1), which amended section 1385 regarding the dismissal of enhancements; Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567) (Stats. 2021, ch. 731, § 1.3), which amended section 1170 to limit a trial court's ability to impose upper term sentences; or Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill No. 1393) (Stats. 2018, ch. 1013, § 1), which amended section 667 to grant trial courts discretion to strike a five-year prior serious felony enhancement.

The court imposed restitution fines in both cases, stayed the court operation and criminal conviction assessments after finding Alexander had no ability to pay them, terminated the prior criminal protective orders and issued a new 10-year criminal protective order in the domestic violence case, and awarded credits. Alexander did not timely appeal the judgment and it became final in 2022.

D.    *Section 1172.1 Request for Recall of Sentence*

In March 2024, Alexander filed a form request for recall of sentence under section 1172.1, claiming he was eligible for resentencing under Senate Bill Nos. 81, 567, and 1393, as well as section 12022.7, subdivision (e). Two months later the trial court summarily denied the request without a hearing. The court issued a written ruling that stated it declined Alexander's request because Alexander had resolved both cases by plea in exchange for a stipulated 26-year prison sentence, that under section 1172.1, subdivision (c) Alexander was not entitled to file a petition seeking relief from the court under the statute, that the court was not required to set a hearing to further consider his motion, and that the court intended to honor the plea agreement. The court further noted that because the date of Alexander's plea and sentencing occurred *after* the effective dates

of the legislation, Alexander incorrectly asserted that the laws provided a basis for reducing his sentence.  Alexander timely appealed.

DISCUSSION

I

*Section 1172.1*

Effective January 1, 2024, amended section 1172.1, subdivision (a) now allows the trial court, upon its own motion, to recall and resentence a defendant at any time if the sentencing laws applicable at the time of original sentencing are changed by new statutory authority or case law.  (Stats. 2023, ch. 795, § 1.5.)  Amended section 1172.1, subdivision (a)(1) provides:  "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation . . . , the court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . , recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."

Under the amended statute, a defendant is not entitled to file a petition seeking resentencing relief from the court, and if a defendant requests consideration for such relief, the court is not required to respond.  (§ 1172.1, subd. (c).)

II

*Appealability*

Before turning to the merits of Alexander's supplemental brief, we first consider the appealability of the challenged order, which appointed counsel acknowledges may be questionable.  (See, e.g., *Olson v. Cory* (1983) 35 Cal.3d 390, 398 [a reviewing court is "dutybound" to consider whether a challenged order is appealable].)  The right to appeal

6

is purely statutory. (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) "[A] party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*Ibid.*) Absent an appealable order, an appellate court lacks jurisdiction to consider an appeal. (*People v. Montellano* (2019) 39 Cal.App.5th 148, 153.) The question before us is whether Alexander's appeal is permissible under section 1237, subdivision (b), which authorizes a criminal defendant to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party."

" 'A trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b).' " (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1085; see also *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208.) An appeal from such an order must be dismissed. (*People v. Mendez* (2012) 209 Cal.App.4th 32, 34 [applying *Turrin* and dismissing appeal].) "Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344.)

Here, the execution of Alexander's sentence commenced in June 2022, and he did not appeal the judgment, which became final. (Cal. Rules of Court, rule 8.308(a) [criminal defendant has 60 days to appeal judgment].) Absent an exception to the general common law rule, the trial court lacked jurisdiction to resentence Alexander in March 2024 when he filed his resentencing petition.

Section 1172.1 provides such an exception to the general rule that a trial court loses jurisdiction to resentence a defendant once execution of the sentence has begun. (*People v. King* (2022) 77 Cal.App.5th 629, 637; *People v. E.M.*, *supra*, 85 Cal.App.5th at p. 1082; see also *Dix v. Superior Court* (1991) 53 Cal.3d 442, 448, fn. 3 [interpreting former section 1170, subdivision (d), which included similar language and was the precursor to section 1172.1].) When the trial court denied Alexander's petition in May 2024, section 1172.1 had been amended effective January 1, 2024, to allow the trial court,

upon its own motion, to recall and resentence a defendant within 120 days of commitment, or at any time if the sentencing laws applicable at the time of original sentencing are changed by new statutory authority or case law.[3] (Stats. 2023, ch. 795, § 1.5.) Although the amendments to section 1172.1 expanded the trial court's authority to resentence Alexander, we must still decide whether the court's order declining Alexander's self-initiated request for resentencing relief was an order that affected his substantial rights. We turn to that question now.

The People argue, based on *Hodge*, that because section 1172.1 did not authorize Alexander's request for resentencing, and the trial court had no obligation to respond to it, the trial court's denial of the request could not have affected his substantial rights. Like Alexander, the defendant in *Hodge* filed a pro. per. request for resentencing under section 1172.1. The trial court responded to the petition by issuing an order that stated it "respectfully decline[d] to exercise its discretion to recall [the defendant's] sentence." (*Hodge*, *supra*, 107 Cal.App.5th at p. 991.)

In finding the order was not appealable, *Hodge* reasoned that because trial courts are free to disregard a pro. per. request for resentencing under section 1172.1, subdivision (c), "[i]t follows that a defendant who chooses to file [such a] request for resentencing has no *right* to a ruling. The defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated. But a defendant has no right to demand that the trial court actually make such a decision. If the defendant has no right to

---

[3] Section 1172.1 also authorizes a trial court to recall and resentence "at any time upon the recommendation" of certain prison and prosecuting authorities, such as the Secretary of the Department of Corrections and Rehabilitation or the district attorney of the county where a defendant was sentenced. (§ 1172.1, subd. (a)(1).) Nothing in the record shows that either the department or the district attorney requested the trial court recall Alexander's sentence, and the parties do not contend they did.

a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*Hodge*, *supra*, 107 Cal.App.5th at p. 996.)

We agree with Alexander that the present case differs from *Hodge*. Here, the trial court did not simply issue an order declining to exercise its discretion under section 1172.1. Instead, the court engaged with the merits of Alexander's request, specifically noting that it had decided to deny the request in part because (1) Alexander incorrectly relied on certain laws to support his resentencing request, and (2) the court intended to honor the parties' plea agreement. Under these circumstances, we conclude that the order denying Alexander's petition for resentencing based, in part, on the merits, is appealable. This is true even though, as the trial court recognized, Alexander had no right to make a resentencing motion in the first instance. Had the trial court declined to respond to Alexander's petition at all, there would be no order to appeal. But, once the trial court addressed the merits of Alexander's resentencing request in denying relief (compared to merely declining to exercise its discretion without explanation as in *Hodge*), the resulting postjudgment order affected Alexander's substantial rights and is therefore reviewable on appeal. (Cf. *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497; *People v. Carmony* (2004) 33 Cal.4th 367, 375 ["A defendant has no right to make a motion, and the trial court has no obligation to make a ruling, under section 1385. But he or she does have the right to 'invite the court to exercise its power' " to dismiss a prior strike, and may raise a trial court's erroneous failure to do so on appeal]; *People v. Loper*, *supra*, 60 Cal.4th at p. 1162 [the defendant could appeal the trial court's denial of the Department of Correction and Rehabilitation's request for compassionate release even though the defendant did not have standing himself to petition for release].) We thus turn to whether the court erred in denying his section 1172.1 request.

9

## III

### *Analysis*

In *Delgadillo*, our Supreme Court held that the independent review procedures in *People v. Wende* (1979) 25 Cal.3d 436 are not constitutionally required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing. (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 222, 224-225, 231, fn. 5.) However, when appointed counsel files a no-issues brief in an appeal from such an order, the reviewing court must evaluate the specific arguments presented in any supplemental brief the defendant files, but the court is not compelled to independently review the record for error, although it may exercise its discretion to do so. (*Id.* at p. 232.) While the postconviction order at issue here is not one under section 1172.6, the same principles may nonetheless apply given that this is not Alexander's first appeal as of right. Applying *Delgadillo*'s guidance, we consider the arguments raised in Alexander's supplemental brief.

As previously noted, Alexander stipulated to a 26-year prison sentence, which included the upper term on one count, three years for a great bodily injury enhancement, and five years for a prior serious felony enhancement. Alexander acknowledges he was not entitled to relief under section 1172.1, but he argues that he was "over sentenced" and asks this court to strike or dismiss his great bodily injury and prior serious felony enhancements, citing Senate Bill No. 81 and Senate Bill No. 1393. He also implies that the imposed upper term runs afoul of Senate Bill No. 567.

Senate Bill No. 81 applies to criminal defendants sentenced after January 1, 2022. (§ 1385, subd. (c)(7).) It amends section 1385 "to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in

the interest of justice."[4] (*People v. Sek* (2022) 74 Cal.App.5th 657, 674; § 1385, subd. (c)(1).)  Under the statute as amended, "[p]roof of the presence of one or more of [the enumerated] circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).)  However, while the existence of mitigating circumstances strongly favors dismissing an enhancement if a trial court does not conclude that dismissal would endanger public safety, the trial court may still determine that credible evidence of countervailing factors neutralize even the great weight of the mitigating factors such that dismissal is not in the furtherance of justice.  (*People v. Walker* (2024) 16 Cal.5th 1024, 1036.)

Senate Bill No. 1393, which went into effect on January 1, 2019, now allows a trial court to dismiss a serious felony enhancement imposed under section 667, subdivision (a) in furtherance of justice.  (*People v. Stamps* (2020) 9 Cal.5th 685, 693.)

Senate Bill No. 567, effective January 1, 2022, generally limits the trial court's ability to impose an upper term sentence unless aggravating circumstances have been stipulated to by the defendant, have been found true beyond a reasonable doubt by a jury or by the court in a court trial, or have been proven by a defendant's certified records of conviction.  (§ 1170, subd. (b)(1)-(3).)

The trial court here properly noted that each of the above-mentioned legislative enactments were in effect when Alexander stipulated to the 26-year term under the plea agreement in June 2022.  Because Alexander failed to object at sentencing based on these laws, he cannot raise them for the first time on appeal.  (See e.g., *People v. Scott* (1994) 9 Cal.4th 331, 351 [the right to challenge a criminal sentence on appeal is not

---

[4] Assembly Bill No. 200 (2021-2022 Reg. Sess.), which took effect on June 30, 2022, made technical, nonsubstantive changes to section 1385 that do not affect the issues on appeal (Stats. 2022, ch. 58, § 15).

unrestricted; the lack of a timely and meaningful objection at sentencing ordinarily forfeits alleged sentencing errors]; *In re Abram L.* (2013) 219 Cal.App.4th 452, 462 ["As a general rule, a party who does not raise an argument below forfeits the argument on appeal"].)

In any event, even if Alexander had not forfeited these issues and the cited legislation somehow qualified as a change in the law (which it does not), Alexander stipulated to multiple factors in aggravation, including that his convictions were increasing in seriousness, that he had served a prior prison term, that the crimes involved great violence, and that he had used a weapon during the crimes. Based on the stipulated factors in aggravation, which were part of the party's plea negotiations, the trial court implicitly found that striking any of the enhancements would be contrary to the interests of justice and that an upper term sentence was warranted.

The court did not err by honoring the plea agreement and declining to resentence Alexander under section 1172.1 based on laws that were in effect when he was originally sentenced. We find no other arguable error that would result in an outcome more favorable to Alexander.

DISPOSITION

The order denying Alexander's request for recall of sentence and for resentencing under section 1172.1 is affirmed.

/s/<br>BOULWARE EURIE, J.

We concur:

/s/
MAURO, Acting P. J.

/s/
RENNER, J.

12